JOHN A. FREY ET AL. v. THE FORT WORTH & RIO GRANDE RAILWAY COMPANY.

No. 341.

1. **Parties — Indemnitors made Defendants.**—In trespass to try title against a railway company the defendant answered, asking that the land be condemned under the statute for right of way, etc., and also impleaded certain third parties who had executed to it a bond conditioned to secure to it land for right of way, depot grounds, etc., praying for judgment over against the obligors in the bond for such amount as it should be adjudged to pay for the land sued for. *Held*, that such obligors were properly made defendants over their objection of misjoinder.

2. **Pleading — General Demurrer—Misjoinder.**—An objection on the ground of misjoinder of parties and causes of action can not be raised by general demurrer.

3. **Same—Special Exceptions.**—See the opinion for pleadings on a right of way bond held good on general demurrer as against objections that should have been taken by special exception.

4. **Right of Way Bond to "Secure" Land.**—A stipulation in a bond to "secure" land for a railway company for depot grounds, right of way, etc., requires that a good title be secured and the land paid for by the obligors.

5. **Same—Building Depot—Condition Precedent.**—The building of a depot is not a condition precedent to the railway company's right to recover on the bond for the failure of the obligors to secure the land on which the depot is to be built.

6. **Same—Railway Company—Depot "at" a Town.**—An agreement by a railway company to establish its depot "at" a given town is complied with by locating it at a convenient distance from the town, whether within or without its corporate limits.

APPEAL from Erath.    Tried below before Hon. C. K. BELL.

*Young & Martin,* for appellants.—The railway company was authorized by statute (Act March 19, 1889) to file its cross-bill to condemn the land sued for, but this did not authorize a suit upon the bonds in the same

cause.    These defendants were not warrantors of the title of the railway company, and were not proper parties to the suit.

*T. L. Nugent* and *N. H. Lassiter*, for appellee.—1.  This being in form an action of tresspass to try title, but in reality an action to recover the value of the land which defendant company had an undoubted right to have condemned for the specified uses, it, the said company, had the right to make appellants parties for the purpose of recovering over against them such value as assessed by the court.

2.  If it were true that defendant company could not make appellants parties for the purpose named, appellants could not avail themselves of the defect by a general demurrer, which is none the less general because designated as special in the brief of appellants.    Williams. v. Bradbury, 9 Texas, 487; Ezell v. Dodson, 60 Texas, 331; Mott v. Ruenbuhl, 1 W. & W. C. C., sec. 599; Railway v. Pollard, 2 Willson's C. C., sec. 481.

3.  The allegations of the cross-bill, if not formal averments of compliance, are sufficient, and besides disclose waiver by appellants of nonperformance of facts inconsistent with the hypothesis that defendant company had not performed its part of the stipulations or conditions of the bonds, especially if taken in connection with the allegations of other pleadings.    Livisey v. Omaha Hotel, 5 Neb., 50; Eastabrook v. Omaha Hotel, 5 Neb., 76; Boeme v. Omaha Hotel, 5 Neb., 80; Cabot & West Springfield v. Chapin, 6 Cush., 51; Bish. on Con., secs. 795, 796; Butterworth v. Kinsey, 14 Texas, 496; Burks v. Watson, 48 Texas, 107; Railway v. Rushing, 69 Texas, 313; Railway v. The State, 72 Texas, 404.

HEAD, ASSOCIATE JUSTICE.—Robert McCart and others filed their petition in trespass to try title to recover of appellee the tract of land therein described.    Appellee answered, claiming the land only as a right of way and for depot purposes, and asked that it be condemned in compliance with the statute.    It also alleged the execution by appellants to it of two bonds; one for $10,000, conditioned that the obligors would secure to appellee suitable grounds for depots, warehouses, and side tracks, of not less than fifteen acres, in the town of Stephensville; and one for $20,000, conditioned that the obligors should secure to appellee, free of cost to it, a right of way through Erath County; and asked that the makers of these bonds be made parties to the suit, and for judgment over against them for such amount as it might be required to pay on the condemnation first prayed for against the plaintiffs.

To this answer appellants filed the following exceptions: first, because " it is wholly insufficient for the defendant company to have and maintain the action sought to be maintained against these defendants upon the two bonds herein sued upon, or to make these defendants parties to this suit;" second, because " the same is wholly insufficient for it to have

and maintain its action, in that said cross-bill shows that defendant has received and accepted the depot and right of way grounds as provided in the bond for $10,000, and these defendants are in no wise responsible for any failure of title to said grounds;" third, because "it states no cause of action upon the bond for $20,000, and alleges no compliance with the terms and conditions of said bond;" fourth, because "those obligations wherein it is sought to recover of these defendants any amount defendant may be required to pay to the plaintiffs for the land described in plaintiffs' petition are wholly insufficient, and show no cause of action against the defendants."

These exceptions were overruled in the court below, and a trial before a jury resulted in a verdict and judgment in favor of plaintiffs against appellee for $1099, the value of the land condemned to its use, and in its favor over against appellants for the same amount, upon the bonds made by them as aforesaid. From this judgment appellants prosecute this appeal, and assign errors to the action of the court in overruling the above exceptions, and to one clause of the charge given the jury. No statement of facts accompanies the record.

The assignments of error and propositions thereunder contain numerous exceptions to appellee's pleading, that we think can not fairly be considered as having been presented to the court below in the exceptions interposed by them, and we will therefore consider the exceptions themselves instead of the objections presented in the briefs.

It is doubtful if, under the decisions in this State, any of these exceptions can be treated as anything more than a general demurrer to appellee's answer. Railway v. Granger, 85 Texas, 574. If so considered, it seems well settled that an objection upon the ground of misjoinder can not be raised in this way. McFadden v. Schill, 84 Texas, 77, and cases there cited.

We believe, however, that there was no error in allowing appellee to plead over against appellants upon the bonds of indemnity made by them, although authorities outside of this State can doubtless be produced sustaining a different view. Our reasons for arriving at this conclusion will be found stated more at length in the following cases: Johns v. Hardin, 81 Texas, 37; Pope v. Hays, 19 Texas, 375; Kellogg v. Muller, 68 Texas, 186; Thomas v. Chapman, 62 Texas, 193.

While the answer of appellee alleging a liability upon these bonds is very general, we have concluded that it was not subject to the general demurrer presented by the first exception. It alleged, that appellants represented to it that this land had been secured by them, and authorized it to take charge thereof; that it had established its depot, etc., thereon; that appellants had in fact only contracted for this land verbally, and had never paid therefor. We think this sufficient upon general demurrer to show that the 15 acres for depot grounds had not been se-

cured, without a distinct allegation in those words that this had not been done.

We also think the failure to designate what part of this land was chargeable against the depot bond and what part against the right of way bond should have been presented by special exception to the trial judge. The makers of these bonds are the same persons; it would certainly be very difficult, if not impossible, to state with accuracy just how much should be charged to each bond, the land condemned being used in part for both · purposes; and if for any reason it was important to appellants to have this apportionment made, they should have called it to the attention of the lower court by something more than a general demurrer to the answer.

We do not think the answer subject to the second exception interposed, to the effect that appellee having accepted the grounds, could not hold appellants for the failure of the title. We think the stipulation in the bond that appellants would *secure* the depot grounds would require them to secure a good title thereto—in other words to pay for them,—and the answer shows this had not been done.

We do not think compliance on the part of appellee with its part of the contract was a condition precedent to its right to recover on these bonds. It was clearly contemplated that appellants would secure the depot grounds and right of way for it before appellee was expected to construct its road thereon. Williams v. Railway, 82 Texas, 553.

We think the allegations of the answer sufficient to show that appellants consented to the location of the depot at this particular place, and therefore a sufficient compliance with that part of the contract which required it "to establish a depot at Stephensville." The trial amendment, however, did allege that the grounds selected were within the corporate limits of that town.

We think to establish a depot *at* a town within the meaning of a contract of this kind would be complied with by locating it at a convenient distance from the business portion of the town (Williams v. Railway, supra), and would be controlled more by the buildings composing the town than by the corporate limits as defined in the charter, and that these questions were properly submitted in the charge of the court. At any rate, they were submitted along with charges upon the subject of acquiescence by appellants in the grounds selected; and in the absence of a statement of facts, we are unable to say that injury resulted, even if the charge complained of in seventh assignment be erroneous. The evidence may have been undisputed, for aught we know, that the grounds were situated strictly within the town proper, or were selected and designated by appellants themselves.

We think the judgment of the court below should be affirmed.

*Affirmed.*

Delivered January 17, 1894.