---

BARCUS v. PARLIN-ORENDORF IMPLEMENT CO. et al. (No. 901.)

(Court of Civil Appeals of Texas. Amarillo. March 1, 1916. Rehearing Denied March 29, 1916.)

1. VENUE ⬥⬥22(1)—PRIVILEGES OF DEFENDANTS—CODEFENDANTS.

The W. Hardware Company sold its stock of merchandise to W. and P., receiving as part of the consideration a note for $4,000, and agreed to pay all indebtedness and claims against the merchandise, the contract further providing that the proceeds of the note must be applied to the payment of all such claims until they were fully liquidated. A creditor of the

hardware company brought a suit in which other creditors joined, against B. and the members of the firm of W. and P., alleging that the note was executed and delivered to the members of the W. Co., to be held by them in trust for creditors; that it was transferred to B. for the fraudulent purpose of enabling his father-in-law, a member of the W. Co., to hinder, delay, and defeat his creditors, and that he held it under an express trust for the benefit of creditors. Judgment was asked against W. and P. for the amount of the note, and the court was asked to order the amount recovered prorated among the creditors. Only one member of the W. Co. was made a party and he was not cited. *Held,* that where B. filed a plea of privilege presenting a special exception to sustain which no evidence was introduced, the overruling of the exception was not error, as the cause of action asserted against him was not severable from that urged against his codefendants.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35; Dec. Dig. ☞22(1).]

2. JUDGMENT ☞243—PERSONS NOT PARTIES TO ACTION.

Where some of the creditors had never recovered judgment against the W. Co., the court could not adjudicate the amount of their claims, as judgment cannot be rendered against one not a party to the suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. ☞243.]

3. FRAUDULENT CONVEYANCES ☞255(1)—ACTIONS TO SET ASIDE—NECESSARY PARTIES.

There was a defect of parties, as in suits to enforce a trust all persons to be affected by the decree should be made parties, and the trustees as well as the purchaser of the trust property were necessary parties.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 741; Dec. Dig. ☞255(1).]

4. FRAUDULENT CONVEYANCES ☞182(5) — SALES IN BULK—LIABILITY OF PURCHASERS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3971, provides that any sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade, or sale of an entire stock in bulk shall be void as against creditors, unless the purchaser makes inquiry of the seller as to creditors and notifies them. Article 3972 provides that any purchaser conforming to article 3971 shall not be accountable to creditors for any of the merchandise coming into possession of such purchaser. *Held,* that where the sale of a stock of merchandise was made in violation of the statute, the members of the purchasing firm were constructive trustees to the extent of the value of the goods for the benefit of the creditors of the sellers.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 575, 576; Dec. Dig. ☞182(5).]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Suit by the Parlin-Orendorf Implement Company and others against G. W. Barcus and others. From an adverse judgment, the defendant named appeals. Reversed and remanded.

Turner & Rollins, of Amarillo, and G. W. Barcus, of Waco, for appellant. Knight & Slaton and Carl Gilliland, all of Hereford, and Madden, Trulove, Ryburn & Pipkin and Crudgington & Works, all of Amarillo, for appellees.

HALL, J. During the year 1912, and for several years prior thereto, the Warren Hardware Company, a firm composed of M. W. Warren, C. W. Warren, and Marvin Cross, were engaged in the hardware business at Hereford, Tex., and about January 14, 1913, C. W. Warren, acting for his firm, entered into a written contract with J. I. Walker, acting for the firm of Walker & Perkins, of which he was a member, for the sale of the stock of hardware to Walker & Perkins. A part of the consideration for the sale was that Walker & Perkins would execute and deliver to Warren their note for $4,000, payable 90 days after date, with 8 per cent. interest. According to the terms of the contract, the goods were sold at their invoice price, plus the cost of carriage. It was further provided that as part payment for the stock J. J. Perkins, of the firm of Walker & Perkins, should, by warranty deed, convey to the members of the firm composing the Hardware Company, 1,062 acres of land in Bailey county, at $15 per acre, less certain indebtedness due Roberts county upon said land. The third paragraph of the written contract is as follows:

"Second parties [Warren Hardware Company] guarantee to the first parties [Walker & Perkins] that they, the second parties, will pay, or cause to be paid, any, every and all indebtedness or claims of whatsoever nature, kind or amount, which may be due or owing upon or for any and all the property described in the first paragraph; and that second parties will make a good and sufficient bill of sale, conveying and warranting the title to all of said property to first parties, against any and all persons whomsoever, and deliver all of said property to first parties, clear and free from all claims and debts, except such as the second parties will hereafter fully satisfy, pay off and discharge themselves. The proceeds of the note above mentioned [for $4,000] which first parties are to make and pay to second parties, being intended and agreed to be applied to the payment of any and all debts or claims, which may be owing for or against any of the property mentioned in paragraph first; and the proceeds of said note must be applied to the payment of any and all claims for or against said property until all such claims and debts are fully liquidated; and in event the proceeds of said note are insufficient to fully pay off and discharge all of such indebtedness, then nevertheless the second parties undertake and agree to fully pay off and discharge any and all such claims."

This suit was instituted by the appellee, Parlin-Orendorf Implement Company, against J. I. Walker, J. J. Perkins, and G. W. Barcus, seeking judgment against Walker & Perkins, on the note for $4,000, claiming that G. W. Barcus held the same for the Warren Hardware Company, and should be adjudged to be the holder thereof for the benefit of the creditors of said company.

The petition alleges the insolvency and nonresidence of C. W. Warren and Marvin Cross, but makes M. W. Warren a party. It appears that M. W. Warren was never served with citation, and before the trial a nonsuit was taken as to him. It is alleged that the

$4,000 note was executed and delivered to the members of the Warren Hardware Company, to be held by them in trust and to be collected, and the proceeds thereof paid to the creditors named in the petition.

The allegation with reference to the possession of the note by G. W. Barcus is as follows:

"That after the execution and delivery of said note for $4,000, the defendant G. W. Barcus, after its maturity, and with full knowledge of the purposes for which it was executed, did, with knowledge of such facts as would and should have put him upon inquiry, and without paying any consideration therefor, for the sole purpose of assisting his father-in-law, M. W. Warren, in hindering, delaying, and defeating the creditors of the said Warren Hardware Company, above mentioned, in the collection of their respective debts, and their equitable rights and interests in said $4,000 note, acquired possession of said note and now claims to be the rightful and legal owner and holder of said note, but in truth and in fact is only holding it fraudulently and for the purpose of defeating this plaintiff, and the other creditors particularly mentioned in this petition, of the Warren Hardware Company, out of their debts and demands and out of their equitable interests and rights in said note, and for said purpose the said M. W. Warren and C. W. Warren, and each of them, transferred and delivered and caused to be delivered to the said defendant Barcus said note, and refused to exercise and perform the duties of trust provided in said contract for them to perform in the collection of said note, and the payment of the proceeds thereof, to the plaintiff and the other creditors hereinabove mentioned, all to plaintiff's damage."

The Wyeth Hardware & Mfg. Company, Hibbard, Spencer, Bartlett & Co., the Texas Harvester Company, and Morrow-Thomas Hardware Company intervened and adopted the pleadings of the plaintiff. The prayer in plaintiff's petition is that it have judgment against the defendant M. W. Warren for the full amount of its debt, evidenced by a note, in the sum of $1,610.99; that it have judgment against the defendants J. J. Perkins and J. I. Walker, and as to and against defendant G. W. Barcus it have judgment for the full amount of the note for $4,000, together with all accrued interest that may be due thereon, for costs of suit and a decree for a recovery on the said $4,000; that the court order the amount of said recovery to be prorated amongst the various creditors, and according to the amount of indebtedness due each from the Warren Hardware Company, and for general relief.

Upon a trial before the court, judgment was entered dismissing the cause of action against M. W. Warren, continuing as follows:

"The court is of the opinion that on the 16th day of January, 1913, the Warren Hardware Company, a copartnership, was duly indebted to the plaintiff and intervener, in the respective sums hereinafter decreed to be due and owing to the said plaintiff and said interveners, respectively, and that said indebtedness due the said plaintiff and the said interveners, respectively, by the said Warren Hardware Company, is all past due and no part paid save and except as hereinafter stated; and it further appearing to the court that the said plaintiff Parlin-Orendorf Implement Company, and the said interveners, Morrow-Thomas Hardware Company, Hibbard, Spencer, Bartlett & Co., and Wyeth Hardware & Manufacturing Company, should have and recover of and from the defendants J. I. Walker and J. J. Perkins, and as to the defendant G. W. Barcus, on the $4,000 note sued on, the sum of $4,762.65, less an amount of $177.38, or a total of $4,585.27. It is therefore ordered, adjudged, and decreed by the court that the plaintiff's debt due and owing to it, by the said Warren Hardware Company, is hereby decreed to be $2,012.53, principal and interest, together with $201.25 attorney's fees; that the intervener Morrow-Thomas Hardware Company's debt, due and owing to it, by the said Warren Hardware Company, is hereby decreed to be $1,123.34, together with $113.33 additional as attorney's fees. * * * That the intervener the Texas Harvester Company's debt, due and owing to it by the said Warren Hardware Company, is hereby decreed to be $1,855.50. * * * That the Wyeth Hardware & Manufacturing Company's debt, due and owing to it by the said Warren Hardware Company, is hereby decreed to be $355.90. * * * That the intervener, Hibbard Spencer, Bartlett & Co.'s debt, due and owing to it by the said Warren Hardware Company, is hereby decreed to be $429.80. * * * It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Parlin & Orendorf Implement Company, and the interveners, * * * do have and recover of and from the defendants J. I. Walker and J. J. Perkins, and as to the defendant G. W. Barcus, the sum of $4,585.27, said recovery to be prorated among the said plaintiff and interveners in proportion to their respective indebtedness hereby decreed to be due and owing to them, respectively, from the said Warren Hardware Company. It is further decreed that no personal judgment be taken against the defendant Barcus, except for costs; that the $4,000 note now held by him be annulled, canceled, and held for naught."

[1] In addition to a plea of ownership of the note, Barcus filed a plea of privilege to be sued in Parker county. The action of the court in overruling this plea is the basis of the first assignment of error. The plea presents first a special exception. The record discloses no evidence introduced to sustain the allegation of facts made in it. Under the allegations of the petition as above set out, Barcus is charged with being in possession of the note, claiming to be the owner thereof, for the fraudulent purpose of enabling his father-in-law to hinder, delay, and defeat his creditors. It is further charged that he holds it under an express trust for the benefit of the creditors of the Warren Hardware Company. The petition further seeks to recover against M. W. Warren and against the makers of the note, Walker & Perkins, who are alleged to reside in Deaf Smith county, where the plea was filed. Such being the pleadings, the cause of action asserted against Barcus was not severable from that urged against his codefendants; and the court did not err in overruling the exception.

[2] By the second assignment it is insisted that the court erred in overruling appellant's plea of a defect of parties defendant, and decreeing the note to be a trust fund without joining the individuals of the Warren Hardware Company, who were necessary parties to the suit. It appears from the rec-

ord before us that Morrow-Thomas Hardware Company and the Texas Harvester Company were judgment creditors of the Warren Hardware Company, but that neither plaintiff nor any of the other interveners had ever obtained a judgment upon their claims against the members of the Warren Hardware Company. It is undisputed that the members of the Warren Hardware Company were still liable for the debts claimed to be due plaintiff and the interveners, and, with the exception of the two interveners above named, the amount of these several debts had never been judicially ascertained until the decree was entered in this action. The effect of the court's judgment is to adjudicate the amount of the respective claims asserted by the plaintiff and interveners against the Warren Hardware Company, when only one member of the firm had ever been made a party to the action and after a nonsuit had been taken as to him. It is fundamental that a court cannot render a judgment against one who is not a party to the suit.

[3] We also agree with appellant that necessary parties have not been brought into the suit. According to the allegations in the petition, the two firms, Warren Hardware Company and Walker & Perkins, jointly created the trust, and by common consent the individuals composing the firm of Warren Hardware Company were made trustees of the property. The $4,000 note is the property held in trust by the members of the firm of Warren Hardware Company. It is alleged that Barcus is in possession of the note, and claiming it adversely to the trustees. The general rule is that in suits to enforce the trust all persons who are to be affected by the decree should be made parties. Hall v. Harris, 11 Tex. 300; Cotton v. Coit, 88 Tex. 414, 31 S. W. 1061. The trustees and the purchaser of the trust property in this case are necessary parties. Williams v. Ft. Worth & Rio Grande Ry., 82 Tex. 553, 18 S. W. 206; 39 Cyc. 608; 2 Perry on Trusts & Trustees (6th Ed.) § 877. For this additional reason the appellant's contention, that there was a defect of parties defendant, should have been sustained.

[4] The sale of the stock of hardware was made in violation of the Bulk Sales Law. Vernon's Sayles' Civil Statutes, arts. 3971 and 3972. And as held by the Supreme Court in Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 179 S. W. 259, the members of the firm of Walker & Perkins are constructive trustees to the extent of the value of the goods for the benefit of the creditors of the Warren Hardware Company. It is, however, further intimated in that case that the creditors of an insolvent debtor, who has disposed of his goods in violation of the Bulk Sales Law, if no judgment has been obtained, must pursue his legal remedy and either attach the goods or garnishee the proceeds. This hold-

ing is in accord with the weight of authority. Bewley v. Sims, 145 S. W. 1076; McGreenery v. Murphy, 76 N. H. 338, 82 Atl. 720, 39 L. R. A. (N. S.) 374, and note.

We have not discussed the numerous propositions under the various assignments in detail, and think what has heretofore been said sufficiently disposes of the issues presented; many of them being immaterial and without merit.

The judgment is reversed, and the cause remanded.