**BEDFORD v. MOORE et al.   (No. 1352.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 12, 1922. Rehearing Denied Nov. 2, 1922.)

1. **Courts �köö164—County courts have no jurisdiction to foreclose lien on house unless facts are alleged giving it the status of personalty.**

Since a county court is a court of limited jurisdiction, having no authority to foreclose a lien on real property, it is incumbent upon one desiring to foreclose a lien on a house as personalty in such court to allege affirmatively facts which would give the house the status of personalty; it being prima facie realty.

2. **Landlord and tenant ⊫ö228—A joint obligee under a lease contract is a necessary party to action for rent.**

A joint lessor under a written lease is a necessary party to an action for delinquent rent, in the absence of any allegation that his rights have been acquired by another.

3. **Landlord and tenant ⊫ö262(2)—Lessor and sublessor are properly joined as parties plaintiff in an action to foreclose liens for rent.**

An original lessor and a sublessor, both seeking to foreclose liens on the same improvements on leased land, may be properly joined as parties plaintiff in an action for that purpose.

Appeal from Eastland County Court; J. H. Jones, Judge.

Action by S. W. Moore and another against W. C. Bedford. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

R. B. Truly, of Eastland, for appellant.
Turner & Seaberry, of Eastland, for appellees.

HIGGINS, J. Bedford appeals from a judgment rendered in the county court at law against him in favor of S. W. Moore for $745, and in favor of W. R. Underwood for $208 with foreclosure of lien in favor of both plaintiffs upon the Quinn Hotel Building, situate upon certain lots in the town of Desdemona, and furniture therein.

[1] Ordinarily and prima facie a house is a part of the realty. The petition seeks to foreclose a lien upon the hotel building without averring any facts which would show that the building as between the parties occupied the status of personalty. The county court is a court of limited jurisdiction, and has no authority to foreclose liens upon real estate. It was necessary to affirmatively allege the facts which gave to the building the character of personalty, and, in the absence thereof, the court had no jurisdiction of the suit. See *Bohl v. Brown*, 2 Willson, Civ. Cas. Ct. App. § 541, where it is said:

"Therefore, if the mortgaged property be real estate, the county court was clearly without jurisdiction to determine the cause. Houses, as a general rule, are considered real property. When claimed to be personal, the exceptional facts making them such must be alleged. * * * In this case no such exceptional facts are alleged. The houses are alleged to be situated on leased land. Prima facie, this shows them to be real property. If in fact they were personal property, it devolved upon appellee to allege affirmatively the facts showing them to be such, and thereby show affirmatively the jurisdiction of the county court."

[2] The lots upon which the building was situate were leased by W. R. Underwood and J. P. Quinn as lessors by written contract to Moore, who later transferred his leasehold to Bedford, the latter assuming the payment of the ground rental. The suit by Underwood was to recover unpaid rental installments. Underwood and Quinn were the lessors in the lease contract, and were the joint obligees to whom the rentals were due. There is no allegation in the petition to show that Underwood had acquired Quinn's claim under the rent contract. In such condition of the pleading Quinn was a necessary party to the

suit upon the contract for the recovery of the rentals. Williams v. Fort Worth & N. O. Ry. Co., 82 Tex. 553, 18 S. W. 206; Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Barlow v. Linss (Tex. Civ. App.) 180 S. W. 652; McKay v. Phillips (Tex. Civ. App.) 220 S. W. 176; Dawson v. George (Tex. Civ. App.) 193 S. W. 495.

[3] The claim that there was a misjoinder presents no reversible error. Both of the plaintiffs were asserting and seeking to foreclose liens upon the same property, and it was therefore permissible to join and fix the priority of the liens in the same suit.

Reversed and remanded.