CASE 60—PETITION EQUITY—OCTOBER 1.

# Lewis vs. Quinker.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Upon the issual and levy of a general attachment obtained in an action by equitable proceedings by a judgment creditor against the debtor, upon a return of execution "no property found," a lien upon the property of the debtor levied on is created in behalf of the plaintiff to the extent of his debt, and he is entitled to its enforcement against all subsequent purchasers.

2. In such case no affidavit or bond by the plaintiff is required to be filed before the attachment issues.

3. The basis of the attachment in such case is the judgment and return of no property, which, when alleged, furnish *prima facie* evidence that the demand is still unpaid; but if the failure to allege in terms that the judgment is still unsatisfied be a material defect, it can be supplied by subsequent amendment to that effect, and will not then operate to vitiate the attachment or levy and lien.

4. Where the return of the officer shows that he levied the attachment upon a town lot of the defendant, and "posted a copy of the attachment on the premises, there being no tenant," the omission to state that the copy was left in a conspicuous place on the premises, is cured by the presumption that the officer did his duty, nothing appearing to the contrary. *Quære:* Does not the word "posted" supply the omission?

CRAIG & ELLIOTT, for appellant, cited *Civil Code, sec.* 228, *sub-div.*, 3; *Ib., secs.* 474, 475, 476; 17 *B. Mon.*, 324; *Ib.*, 542; *Samuel vs. Dallam, MS. opin., January,* 1857.

BOONE & PENNEBAKER, for appellee, cited *Civil Code, secs.* 474, 475, 476, 477; 9 *B. Mon.*, 231; 7 *Ib.*, 116, 314; 11 *Ib.*, 310, 318; 2 *Ib.*, 470; 3 *Ib.*, 116; 6 *Ib.*, 130; 2 *Marsh.*, 40; 3 *Marsh.*, 350.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

Quinker obtained a judgment at law against Armstrong, upon which an execution was issued, directed to the county in which the judgment was rendered, and returned "no property found." He then filed his petition in equity, setting forth his judgment and the return, and obtained against Armstrong a general attachment, which was, on the 4th March, 1857, levied upon a lot of ground in Louisville belonging to Armstrong, and, on the 11th of the same month, served upon Armstrong in person.

On the 14th April, 1857, Armstrong sold the lot to Lewis, who paid him part in hand and executed his notes for the remainder, which he afterwards paid off.

On the 13th March, 1858, Lewis was made a defendant to the petition, and the chancellor asked to subject the lot to sale upon the ground that the levy of the attachment and service upon Armstrong had created a lien in favor of the plaintiff, and that Lewis was a purchaser *pendente lite*.

Lewis answered, and resisted the sale of the lot upon the following grounds:

1. That the original petition disclosed no cause of action, and that the levy and service upon Armstrong created no *lis pendens* or lien against any third person.

2. That the levy and return of the marshal were insufficient and illegal; and

3. That he was an innocent purchaser for value, and without notice of the suit, and that as to him there was no lien.

Upon hearing, his objections were deemed insufficient, and the lot was subjected, and from that judgment he has appealed.

By the Civil Code (*sec.* 474) it is provided, that "after an execution of *fieri facias*, directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer, either as to the whole or part thereof, in substance no property found to satisfy the same, the plaintiff in the execution may institute an action by equitable proceedings in the court from which the execution issued, or in the court of any county in which the defendant resides, or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions persons indebted to the defendant in the execution, or holding the money or property in which he has an interest, or holding the evidences or securities for the same, may be also made defendants."

And by sections 476, 477, of the same chapter, it is provided, that "in the action mentioned in the preceding sections, the plaintiff may have an attachment against the property of the defendant in the execution, similar to the general attachment provided for in chapter 3, of title 8, *without either the affidavit or bond therein required;* and that a lien shall be created on the property of the defendant by the levy of the attachment, or service of the summons, with the object of the action indorsed thereon, on the person holding or controlling the property."

Here the petition pursues substantially the requisitions of the Code, and furnishes by appropriate allegation a sufficient ground for the issual of a general attachment. The failure to aver in terms that the judgment was still unsatisfied, if a material defect, was cured, we think, by the subsequent amendment to that effect, and could not operate to vitiate the attachment or levy and lien created thereby. The proceeding is in aid of

the common law remedy, and the basis of the attachment is the judgment and return of " no property," which of themselves furnish *prima facie* evidence that the demand is still unpaid.

Nor can the objection that there was no affidavit or bond filed before the attachment issued prevail, because, as we have seen, both are expressly dispensed with, by the provisions just cited, in cases of this character.

What was the original return of the marshal does not appear, and we can, therefore, only look to the return contained in the record, to determine the validity of the levy. This shows that he levied the attachment on the lot and " posted a copy of the attachment on the premises, there being no tenant."

Now it is true that the Code prescribes that an attachment shall be levied on real property, " by leaving with the occupant thereof, or if there is no occupant, in a conspicuous place thereon, a copy of the order;" and the officer has failed to say that he left the order in a conspicuous place; but it seems to us that this omission to state in the return the character of the place where the order is left, if not supplied by the word " posted," which, as used, signifies exposed by public notice or in a conspicuous manner, is cured by the presumption to be indulged in favor of the officer that the order was left in a conspicuous place, nothing to the contrary appearing.

That appellant bought and paid for the lot in good faith, and without actual notice of the attachment, may be true ; and the enforcement of the lien may work a hardship upon him; but this furnishes no justification for depriving the appellee of his lien acquired in the mode prescribed by law.

Upon the issual and levy of the attachment upon the lot in question, a lien was created in his behalf to the extent of his debt against Armstrong, and he was entitled to its enforcement against all subsequent purchasers.

No error is perceived in the judgment, and the same is affirmed.