## LOVETT H. BOWKER & another *vs.* NATHANIEL R. CHILDS & others.

Payment of less than the face of several promissory notes, a portion of which are not due, is a good satisfaction of all of them, if upon the receipt and acceptance of the money by the holder the notes are given up to the maker.

A count alleging that the defendant, representing himself to be insolvent, paid sixty per cent. on his debts, and promised to the plaintiffs, who were creditors, that on a future day he would render a final account of the winding up of his business, and pay over to them their share of the surplus, is not sustained by proof of an agreement that on such winding up of his business he would pay to a committee so much as they should advise for distribution among his creditors.

CONTRACT. The declaration contained four counts upon promissory notes, and one count alleging that the defendants, representing themselves to be insolvent, paid sixty per cent. on their debts, and agreed to and with the plaintiffs that, at a specified time, they would render a final account, on the winding up of their business, and pay over to the plaintiffs their share of the surplus, but had neglected and refused so to do.

At the trial in the superior court, before *Brigham,* J., a verdict was returned for the defendants, upon facts and rulings which are stated in the opinion, and the plaintiffs alleged exceptions.

*A. A. Ranney & L. H. Wakefield,* for the plaintiffs.

*R. Olney,* for the defendants.

HOAR, J. The principal facts upon which this case depends are these. The defendants, in May 1857, became embarrassed in their business, and undertook to make a compromise with their creditors. They were then indebted to the plaintiffs upon four promissory notes, one of which was nearly due, and the others having some time to run before maturity. A committee of their creditors, of which one of the plaintiffs was a member, recommended that they should pay sixty per cent. upon all their notes, due or not due, calculating this amount upon the face of the notes, without addition or subtraction of interest, twenty-five per cent. in cash, and thirty-five per cent. in notes of Lee Claflin or William Claflin, payable in six months from June 1, 1857; and upon a final winding up of their affairs, which should be on or before January 1, 1858, should pay to the committee from their surplus property, to be distributed among the creditors, such portion as the committee should advise. This recommendation was in writing, signed by the committee; and the defendants, on the 27th of May 1857, executed an instrument under seal, attached to the writing, by which they bound themselves to comply with its provisions. On the 10th of June 1857, one of the plaintiffs took the notes to Lee Claflin, and gave them up to him, and received the sixty per cent. of their amount, the thirty-five per cent. not being paid in a note, but, by a separate agreement, in cash, with a discount of five per cent. Both of the plaintiffs testified that they made no agreement to take the sixty per cent. in full discharge of the notes. It appeared by the answer of the defendants that Lee Claflin was the agent of the defendants in the transaction. The notes were given up to the defendants, and destroyed by them.

The declaration is upon the several notes, alleging as a reason for not annexing copies that they were in the possession of the defendants, and crediting the sixty per cent. received, with a

separate count upon the agreement to pay a share of the surplus to the plaintiffs.

It was ruled at the trial that the plaintiffs could not recover upon the last count, by reason of a variance between the declaration and the proof. This ruling was right. The count alleges an agreement to pay to the plaintiffs " their share " of the surplus, and to render an account to them. The proof was of an agreement to account with the committee, and to pay to them, for distribution among the creditors, so much of the surplus, if any, as they should advise.

In regard to the notes, the presiding judge ruled that the making of the agreement, the taking of the sixty per cent., and the giving up of the notes, under the circumstances testified of at the trial, were a payment of the notes, and a verdict was ordered for the defendants.

The expression used by the learned judge was not precisely accurate, as the settlement proved was not strictly a payment, but an accord and satisfaction of the notes. But no point has been made of this at the argument, nor do we suppose the attention of the judge or the parties was called to any other consideration than whether it amounted to a valid discharge and extinguishment of the notes, and a bar to the plaintiffs' action. The plaintiffs rely upon two grounds of exception : first, that an agreement to take a smaller sum of money in payment of a larger sum is without consideration, and not binding in law; and secondly, that it was a question of fact which ought to have been submitted to the jury, whether the plaintiffs agreed to discharge the notes without a further payment upon them. There is no doubt of the soundness of the first proposition, as a statement of abstract law. But, as was said by Mr. Justice Dewey in *Brooks* v. *White*, 2 Met. 286, " The same ancient authority which declares that the payment and acceptance of a less sum on the day the debt becomes due, in satisfaction of a greater, is no defence beyond the amount paid, also declares that the payment and acceptance of a less sum before the day of payment has arrived, in satisfaction of the whole, would be a good accord and satisfaction ; for it is said, peradventure parcel of the sum before the

day it fell due would be more beneficial to him than the whole, at the day; and the value of the satisfaction is not material. *Pinnel's case,* 5 Co. 117." Here were four notes given up, upon payment of the sixty per cent., as one entire transaction. Three of them were not due, one having more than two years to run. The payment was at a different time, and before the debt was due. This was a sufficient consideration, and a satisfaction in law.

Upon the other point we can see nothing to go to the jury. The defendants had made an agreement, which they were endeavoring to perform. One of the plaintiffs brought the notes to their agent, received the sum which they had stipulated to pay, having, by a new agreement, which referred to and recognized the original one, changed the mode of payment of a part of the amount paid, and gave up the notes. There is no evidence of fraud or mistake. It is therefore wholly immaterial whether the plaintiffs intended to give up their claim for the residue of the sum originally due upon the notes, or not. For a valuable consideration, sufficient in law, received and accepted by them, they gave up, surrendered and transferred the notes to the defendants. The defendants destroyed them, as they had a right to do. The giving up the notes, upon a sufficient consideration, without any reservation of any further right to them, was an extinguishment of the debt.

There is another view of the case, which is not the ground of our decision, but which might deserve serious consideration. The plaintiffs declare upon the notes as lost notes, and asked to be allowed to introduce secondary evidence of their contents, because they had gone into the possession of the defendants, and were not produced by them upon notice. This presented a question to the court, and not to the jury. If the court were satisfied that the inability to produce the written contracts declared on was owing to the voluntary act of the plaintiffs by giving them up to the defendants, upon a good consideration, or for any reason, without the reservation of any further right to their control or possession, intentionally, and without fraud, would this be regarded as any foundation for the introduction

37 *

of secondary evidence ?   I am aware of no authority for such an opinion, and there would seem to be grave objections to it. It would certainly be dangerous to the rights of parties who might rely upon the destruction of evidences of debt; and the rule which dispenses with the production of a note upon which indorsements of payment may have been made is sufficiently hard toward the debtor, without applying it to a case where the plaintiff has voluntarily given up the written instrument.

*Exceptions overruled.*