# THE SINGER SEWING MACHINE CO. *vs.* JOSEPH A. LEE.

*Payment Before Maturity of Smaller Sum in Satisfaction of Larger— Conflicting Evidence as to Mode of Estimating Amount Due—Instructions— Receipt in Full Not Conclusive.*

When a creditor agrees to accept a smaller sum than the amount of the debt, paid before maturity, in full satisfaction, such prior payment is a consideration for the agreement to release the balance of the debt.

A receipt in full of all claims, given in execution of an agreement to accept one-half of the amount of a debt paid before maturity, does not estop the creditor from afterwards alleging that the sum paid was not one-half of the debt and is not a bar to an action to recover the balance due under the agreement.

In pursuance of an agreement to accept one-half of the amount to become due at a future time in satisfaction, the creditor executed a receipt in full upon payment of a certain sum. Afterwards he alleged that the amount of the debt was to be estimated according to his books, that the sum paid was not one-half of that amount so ascertained, and he brought this action to recover the balance. The defendant alleged that under the agreement between them the amount of the debt was to be estimated according to the books of account of the defendant and that according to those books one-half of the debt had been paid. *Held*, that it was error to instruct the jury that the plaintiff was entitled to recover if they found that the sum paid him was not one-half of the debt due, because such instruction ignores the defendant's evidence that the agreement was that the amount of the debt should be ascertained by the statement of accounts as it appeared upon his books.

In such action a prayer offered by the defendant is erroneous when it instructs the jury that the plaintiff is not entitled to recover if, at the time of the settlement, he was satisfied that the sum paid him was one-half of the debt as shown by defendant's books, but the jury should be required to find that those books did contain such statement.

Prayers offered by either party in this case which ignored the evidence on behalf of the other party are erroneous for that reason.

*Decided April 24th, 1907.*

Appeal from the Circuit Court for Anne Arundel County (THOMAS, J.)

*Defendant's 3rd Prayer.*—If the jury find from the evidence that prior to the institution of this suit, the plaintiff had a certain claim againt the Wheeler and Wilson Sewing Machine Company for commissions to fall due from time to time in the future for and on account of the sale of the sewing machines mentioned in the plaintiff's bill of particulars filed in this case, which said claim would not be due and payable in full for a period of several years, and which said claim of the plaintiff would be payable only when and as the proceeds of the sales of said sewing machines, were from time to time collected by the Wheeler & Wilson Sewing Machine Company and that the defendant on the 10th day of November, 1905, became and on the 19th day of December, 1905, was the assignee of the said Wheeler & Wilson Sewing Machine Company and assumed to pay all its just debts and liabilities when and as the same might become due and payable, and that the defendant offered to anticipate the times of said payments which might fall due in the future to the plaintiff and settle in full its future liabilities to the plaintiff and that the said liability was also dependent upon the contingency that the defendant should collect the proceeds of the sales of the said machines mentioned in the plaintiff's bill of particlars which were sold on the installment plan, if the jury so find, by paying to the plaintiff in full settlement of all his claims, present and future, against the defendant as aforesaid, fifty per cent of the amount appearing to the credit of the plaintiff upon the books of the Wheeler & Wilson Sewing Machine Company which said amount was to accrue from time to time, in the future, and that the said plaintiff with the aid of the officers of the defendant examined the books and account of the defendant, and was satisfied that the amount standing to his credit as aforesaid and to fall due to him in the future as testfied in this case, was the sum of four hundred and fifty-five dollars, and shall further find that the plaintiff accepted the sum of two hundred and twenty-seven dollars and fifty cents in full settlement of his said claims, present and future, and executed and delivered to the defendant the receipt offered in evidence in this case, and

that the execution and delivery of the said receipt by the plaintiff to the defendant and the full settlement thus made as aforesaid, if the jury so find, was the consideration moving the defendant to pay to the plaintiff the said sum of two hundred and twenty-seven dollars and fifty cents as testified in this case, in anticipation of the defendant's future contingent liability to the plaintiff as testified to in this case, then the verdict of the jury must be for the defendant.    (*Rejected.*)

*Defendant's 4th Prayer.*—If the jury find from the evidence that the plaintiff gave to defendant the receipt offered in evidence in this case, and that same was given by plaintiff as a settlement in full of all accounts between plaintiff and defendant, then due or to fall due in future, as set forth in said receipt and that defendant practiced no fraud or deceit on the plaintiff in procuring said receipt and that the same was given after full investigation by plaintiff of the papers, books and accounts of defendant in reference to the business covered thereby, and that the plaintiff after two separate investigations of his accounts with defendant expressed himself as satisfied with the correctness of the statement, as testified in this case, then the verdict of the jury must be for the defendant. (*Rejected*)

*Court's 1st Instruction.*—If the jury shall find from the evidence that the plaintiff was the agent of the W. & W. Co. and that as such agent the plaintiff sold the machines of the company mentioned in the bill of particulars in this case or any of them on commission and shall further find that on or about November 10th, 1905, the Singer Sewing Machine Company, the defendant, became the assignee of the business of the Wheeler & Wilson Sewing Machine Company and assumed the payment of the obligations of the Wheeler & Wilson Sewing Machine Company, and shall further find that the defendant, in order to close up the business of the Wheeler & Wilson Sewing Machine Company, on the 19th day of December, 1905, agreed to pay to the plaintiff fifty per cent. of all commissions and allowances that he was or would be entitled to receive under his contract or agreement with the Wheeler and Wilson Sewing Machine Company on the sales

of Wheeler and Wilson Sewing Machines mentioned in said bill of particulars, and on collections made or to be made by him on account of said sales, in full payment of all liability of the defendant to the plaintiff on account of such sales and collections, and shall further find that the plaintiff agreed to accept fifty per cent of all such commissions and allowances in full settlement of his claim for commissions and allowances on account of such sales and collections, and shall further find that the defendant has not paid to the plaintiff fifty per cent of all such commissions and allowances, then the plaintiff is entitled to recover in this case so much of fifty per cent of such commissions and allowances as the jury shall find the defendant has not paid to the plaintiff, with interest thereon from the 19th day of December, 1905; in the discretion of the jury, notwithstanding the jury may further find that the defendant paid to the plaintiff the $227.50 mentioned in the receipt dated· the 19th day of December, 1905, and offered in evidence, and that the defendant signed said receipt.

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*James M. Munroe*, (with whom was *Wm. J. O'Brien, Jr.* on brief), for the appellant.

*James R. Brashears*, for the appellee.

BURKE, J., deliverd· the opinion of the Court.

Joseph A. Lee sued the Singer Sewing Machine Company in the Circuit Court for Anne Arundel County, and recovered a judgment for the sum of one hundred and ninety-one dollars and ten cents, from which this appeal was taken. The suit was in assumpsit upon the common counts, and attached to the declaration was a bill of particulars, which showed a balance due the plaintiff of two hundred and eleven dollars and four cents. The defendant filed the general issue plea and two special pleas, first payment, and second accord and satisfaction.

The plea of accord and satisfaction, under which the only question presented on the record arises, is as follows: "That the defendant at the time of the institution of this suit was not indebted to the plaintiff, but that prior to the institution of this suit the plaintiff had a certain claim against the Wheeler & Wilson Sewing Machine Company for commissions to fall due from time to time in the future for and on account of the sales of certain sewing machines, which said claim would not be due and payable in full for a period of five years, and which said claim of the plaintiff was payable only when and as the proceeds of sales of said sewing machines were from time to time collected by the Wheeler & Wilson Sewing Machine Company and that the defendant became and was on the 19th day of December, 1905, the assignee of the said Wheeler & Wilson Sewing Machine · Company and assumed to pay all its just debts and liabilities, when and as the same might become due and payable, and that the defendant offered to anticipate the times of said payments which might fall due in the future to the plaintiff and to settle in full its future liability to the plaintiff, which said liability was also dependent upon a contingency, to wit; the collection by the defendant of the proceeds of the sales of said machines which were sold on the installment plan, by paying to the plaintiff in full settlement of all his claims, present and future, against the defendant as aforesaid, a certain sum, to wit: two hundred and twenty-seven dollars and fifty cents ($227.50), which said offer the plaintiff accepted, and the defendant accordingly paid to the plaintiff the said sum of two hundred and twenty-seven dollars and fifty cents in full satisfaction and discharge of the plaintiff's aforesaid claims, present and future, and procured from the plaintiff the following acquittance and receipt in full in the following words to wit:

Singer Sewing Machine Company
Central Agency,
19 W. Franklin Street, Baltimore, Md.
December 19th, 1905.

Received of the Singer Sewing Machine Company the sum of two hundred and twenty-seven dollars and fifty cents in full settlement of all

claims I have against the Wheeler & Wilson Sewing Machine Company for commissions accrued or to accrue, growing out of business done by me for them or otherwise.

Witness H. D. Dietz.                                    Jos. A. Lee.

And that in consideration of said payment of said sum in advance of the due dates of plaintiff's aforesaid claim the plaintiff accepted in full satisfaction and in settlement of defendant's contingent liability therefor, as aforesaid, and discharge of all his aforesaid claims, present and future the said sum of two hundred and twenty-seven dollars and fifty cents."

The plaintiff had been an agent for the sale of sewing machines of the Wheeler & Wilson Sewing Machine Company, and under the terms of his contract with that company, as testified to by him, he was entitled to a commission upon sales and upon collections made by him, and the account which he filed with his declaration, which account is somewhat obscure and difficult to understand, was intended to show exactly how the balance claimed was arrived at. The correctness of the account was disputed by the defendant, but as that was a matter properly to be determined by the jury, and does not in any manner affect the question here before the Court, we will not discuss it, further than to say that it is made up upon the basis of sales claimed to have been made by the plaintiff while he was in the employ of the Wheeler & Wilson Company.

The defendant company about the 19th of December, 1905, took over the business of the Wheeler & Wilson Company, and proposed to settle with the agents of the latter company all their accounts against said company. It is as to the terms of this settlement that the real question in this case arises. The contention of the plaintiff was that he was entitled, under the agreement of settlement, to receive from the defendant fifty per cent of the commissions he would be entitled to on sales made by him for the Wheeler & Wilson Company up to the time of the transfer of the business of that company to the defendant, and as the total amount due him at the time was eight hundred and seventy-seven dollars and seven cents, the defendant was indebted to him under the terms of the settlement

in the sum of four hundred and thirty-eight dollars and fifty-three and a half cents.  On the 19th of December, 1905, the defendant paid to the plaintiff two hundred and twenty-seven dollars and fifty cents, which he accepted in full settlement and discharge of all his claims against the Wheeler & Wilson Company.

The plaintiff's testimony as to the terms of the settlement and the circumstances under which the sum mentioned was paid and accepted is as follows: That when the defendant company took over the business of the Wheeler & Wilson Company they proposed to all their agents, of whom the plaintiff was one, to anticipate the commission accounts of their agents who had formerly represented the Wheeler & Wilson Company by paying to them fifty per cent of the commissions that they would be entitled to upon sales made up to the time of the transfer of the business of the Wheeler & Wilson Company to the defendant company instead of keeping the account running and paying to the agents fifty per cent of the amounts collected by them from time to time, and the plaintiff accepted the proposition.  That on the 19th day of December, 1905, the plaintiff had a settlement with the defendant on the basis of four hundred and fifty-five dollars of commissions accrued or to accrue in the future on account of the sales made by the plaintiff for the account of the Wheeler & Wilson Sewing Machine Company, receiving the sum of two hundred and twenty-seven dollars and fifty cents, from the defendant company, and giving the receipt which is set out in the defendant's plea of accord and satisfaction.  That he expected to receive a larger sum, and that upon returning to his home after the settlement, and after an examination of his accounts, he discovered that he had not been paid by the defendant fifty per cent of the true amount of the commissions accrued or to accrue to him on account of sales made by him, and that he went back to the company to complain of the settlement, "and to demand that he be paid the difference between what he had received and the true amount due him *as shown by his accounts.*"

The contention of the defendant is that the plaintiff agreed with the defendant company to settle in full all accounts for commissions accrued or to accrue for and on account of the sales of the Wheeler & Wilson Sewing Machines made by the plaintiff on the basis of fifty per cent of the amount thereof *as shown by a statement thereof taken from the books of the Wheeler & Wilson Company.*   The defendant offered evidence tending to support this contention, and to show that the settlement made with the plaintiff on the 19th of December, 1905, was in accordance with this agreement.   The evidence adduced by the defendant, if believed by the jury, was sufficient to support the plea of accord and satisfaction, and thus defeat a recovery by the plaintiff.

The defense of accord and satisfaction consists of something given to or done for the defendant, and accepted by him upon a mutual agreement that it shall be a discharge of the cause of action.   The agreement is the accord, and the thing done is the satisfaction.   The mere payment of a smaller sum is no satisfaction of a larger debt due, but the payment of a smaller sum may be a satisfaction of a larger sum where there is a mutual consideration to support an agreement to that effect. The authorities are uniform in holding that anticipation of time of payment is a sufficient consideration to support a plea of accord and satisfaction. As early as the case of *Pinnell*, 5 Co. Reports 117, it was held, that where the whole sum is due by no intendment the acceptance of a parcel can be a satisfaction to the plaintiff; but that payment and acceptance of a parcel before the maturity of the debt in satisfaction of a whole, would be a good satisfaction in regard to the circumstance of time; "for peradventure parcel of it before the day, would be more beneficial to him than the whole at the day, and the value of the satisfaction is not material."   In *Sibree* v. *Tripp*, 15 M. & W. 34, where the subject of accord and satisfaction was very fully considered, it was decided that a sum of money payable at a different time was a good satisfaction of a larger sum payable at a future day.   The reason for the rule that part payment of a debt cannot be taken as a satisfaction for

the whole is that the creditors agreement is without consideration. "The rule, however, supposes the part performance of the original obligation—the payment of part at the time and in the manner originally stipulated for the payment of the whole; from which payment of a part rather than the whole no benefit can accrue to the creditor. But when a new duty is undertaken by the debtor which is, or may be burdensome to him, or beneficial to the creditor, a new consideration arises out of such undertaking and sustains the agreement; as when the debtor undertakes to pay and pays part at an earlier day, or at another place, or in another article than required by the original obligation." *Rose* v. *Hall*, 26 Con. 395.

In *Bowker et al.* v. *Child's and others*, 3 Allen, 434, the facts were that the defendants were indebted to the plaintiffs upon four promissory notes, one of which was nearly due, and the others having sometime to run before maturity. A committee of the defendants' creditors, of which one of the plaintiffs was a member, recommended that they should pay sixty per cent upon all their notes, due or not due, calculating this amount upon the face of the notes, without addition or substraction of interest, twenty-five per cent cash, and thirty-five per cent in notes of a certain Lee Claflin or William C. Claflin, payable in six months from June 1st, 1857; and upon a final winding up of the defendants' affairs which should be on or before June 1st, 1858, they should pay to the committee from their surplus property, to be distributed among their creditors, such portion as the committee should advise. This recommendation was in writing signed by the committee, and the defendants on the 27th of May, 1858, executed an agreement under seal attached to the writing by which they bound themselves to comply with its provisions. On the 10th of June, 1857, one of the plaintiffs took the notes to Lee Claflin, and gave them up to him, and received the sixty per cent of their amount, the thirty-five per cent not being in a note, but by a separate agreement in cash with a discount of five per cent. The plaintiffs brought suit upon the original notes.

The Court, speaking through HOAR, J., said "In regard to the notes, the presiding Judge ruled that the making of the agreement, the taking of the sixty per cent and the giving up of the notes, under the circumstances as testified to at the trial, were a payment of the notes, and a verdict was ordered for the defendants. The expression used by the learned Judge was not precisely accurate, as the settlement proved was not strictly a payment, but an accord and satisfaction of the note, but no point has been made of this at the argument, nor do we suppose the contention of the Judge, or the parties was called to any other consideration than whether it amounted to a valid discharge and extinguishment of the notes and a bar to the plaintiff's action. The plaintiffs rely upon two grounds of exceptions; first, that an agreement to take a smaller sum of money in payment of a larger sum is without consideration, and not binding in law; and secondly, that it was a question of fact which ought to have been submitted to the jury, whether the plaintiffs agreed to discharge the notes without a further payment on them. There is no doubt of the soundness of the first proposition, as a statement of abstract law. But, as was said by Mr. JUSTICE DEWEY in *Brooks* v. *White*, 2 Met. 286: "The same ancient authority which declares the payment and acceptance of a less sum on the day the debt becomes due, in satisfaction of a greater, is no defense beyond the amount paid, also declares that the payment and acceptance of a less sum before the day of payment has arrived in satisfaction of a whole would be a good accord and satisfaction; for it is said, peradventure parcel of the sum before the day it fell due would be more beneficial to him than the whole at the day; and the value of the satisfaction is not material. *Pinnell's case*, 5 Co. 117." Here there were four notes given upon payment of the sixty per cent as one entire satisfaction. Three of them were not due, one having more than two years to run. The payment was at a different time, and before the debt was due. This was a sufficient consideration to support an accord and satisfaction at law."

The defendant having interposed the plea of accord and sat-

isfaction, and having offered evidence tending to support the plea, was entitled to have had that defense presented to the jury by an instruction embodying a hypothetical statement of the facts upon which it was founded, and in no event was it proper for the Court to have excluded from the consideration of the jury the theory of his defense, or to have ignored it in the instructions granted. *Eureka Fertilizer Company* v. *Baltimore Copper*, 78 Md. 188; *Corbett* v. *Wolford*, 84 Md. 426.

At the conclusion of the testimony the plaintiff offered one prayer, and the defendant submitted five. The record states that the Court rejected all the prayers, but it was agreed at the argument that this was a mistake in so far as the defendants fifth prayer is concerned, which was in fact granted. That prayer merely told the jury that there was no evidence that the receipt offered in evidence was obtained by fraud, and no exception was taken to it by the plaintiff. The Court, in lieu of the rejected prayers, granted two instructions of its own. To the instructions granted by the Court, and to the rejecting of his prayers the defendant excepted.

The third prayer of the defendant was intended to present the facts which he had offered in support of the plea of accord and satisfaction, and, except in one respect, is free from objection. It failed to submit to the jury the fact that the sum of four hundred and fifty-five dollars was the amount appearing to the credit of the plaintiff upon the books of the Wheeler & Wilson Company. Instead of requiring them to find that fact, it merely required them to find that the plaintiff was satisfied that four hundred and fifty-five dollars was the amount appearing upon those books to his credit. For this error, which may be readily corrected at the retrial of the case, the prayer was properly rejected.

We find no error in the rejection of the first, second, and fourth prayers of the defendant. The first and second ignored the theory of the plaintiff's case and the testimony offered by him in its support, and the fourth asserted that the defendant's right to a verdict, would be defeated if they found the plaintiff gave the receipt offered in evidence, and that the same was

given without fraud practiced upon the defendant and that he gave it after full opportunity to examine the books, &c., of the defendant. If the plaintiff's evidence as to the terms of the settlement be true, he would have been entitled to recover, notwithstanding the facts stated in this prayer.

The two instructions granted by the Court were fatally defective, because they each entirely ignored the evidence offered by the defendant in support of his plea of accord and satisfaction, which evidence, if believed by the jury, was sufficient, under the authorities cited, to have barred the plaintiff's recovery in this action. For error committed in these instructions, the judgment must be reversed.

*Judgment reversed, and new trial awarded with costs to the appellant.*