# JOHN A. STACHELY v. W. A. PEIRCE.

It was not error to refuse a continuance on account of the absence of a witness, when the applicant failed to state in his affidavit that he expected to have the testimony of the witness at the next term of the court, or at any other future time. (Paschal's Dig., Art. 1509, Note 595.)

When an affidavit for a continuance was based upon the inability of the applicant to procure a copy of a sequestration judgment of the Confederate States district court, for the reason that there was no authority empowered to furnish copies of such judgments, and the affidavit did not state that the applicant expected to procure the copy at any future time, the continuance was properly refused.

The plaintiff sued for a quantity of wool, or its value, and offered in evidence, a receipt of the defendant jointly to the plaintiff and another person for a larger quantity of wool. The defendant objected to the admission of the receipt, because it did not show that it was given for the wool sued for, but for a large quantity delivered jointly by the plaintiff and another person. The plaintiff offered no evidence to explain the receipt, by showing that, in fact, the wool mentioned in it was received by the defendant from the plaintiff alone, nor that the defendant was accountable for the wool to the plaintiff alone, and not to him jointly with the other bailor: *Held*, that without explanatory evidence showing a sole right of recovery in the plaintiff, it was error to overrule the objection and admit the receipt. (See the history of the case.)

Though receipts are not conclusive, but may be contradicted or explained by parol evidence, yet they are, *prima facie*, to be taken as correct, and the facts shown by them are to be taken as true until the contrary is shown by other evidence. Consequently, a joint receipt of the character above indicated did not tend to sustain the sole cause of action alleged in the plaintiff's petition.

In an action to recover property in a case of a joint bailment, all the joint owners must join as plaintiffs. No less number can maintain the action.

Every cause of action belongs exclusively to him or them whose right has been violated or withheld.

Joint creditors, whether by record, specialty, or simple contract, must all join in an action to recover the debt or the estate which they respectively hold together.

Where the plaintiff declared in his own right, and produced a receipt which showed a joint cause of action with another as to a part of the demand, although that other swore that he had no interest in the thing bailed, and never had, and that the balance of the money due was the absolute property of the plaintiff, the court, without passing upon the objection to the evidence of the witness, or the effect of his statement, reversed the judgment against a special verdict, although there were no instructions in the record.

APPEAL from Comal.   The case was tried before Hon. THOMAS H. STRIBLING, one of the district judges.

W. A. Peirce sued John A. Stachely, and charged that on the 30th day of May, 1861, the plaintiff caused to be delivered to the defendant six hundred and forty pounds of wool on storage, to be disposed of as thereafter the plaintiff should direct; that the plaintiff was the legal and equitable owner of the wool; that on the 1st of October, 1861, he demanded a return of the wool, and tendered the price of the storage, and the defendant refused to re-deliver the wool; that the wool was worth fifty cents per pound, which value, ($320,) or the wool, he claimed.

He also added an account for the proceeds of a bill of exchange for $500, deposited with the defendant by Joseph Peirce, to be collected and paid to the plaintiff, less the account of Joseph Peirce; that it had been collected, and there was a balance thereon due the plaintiff of $200 50; that the money is legally and equitably the plaintiff's, and he demands it.

The citation was served on the 1st of November, 1861, but the case was not tried until 1st May, 1866.

The defendant plead the general issue, and substantially that the wool was stored with him by Joseph Pierce, (not the plaintiff,) and that the wool and money were taken from him by a sequestration proceeding by the Confederate States court, as the property of Joseph W. Pierce, an alien enemy.

This plea was doubtless based upon the 4th section of the eleventh ordinance of the convention of 1866 in favor of Confederate States receivers.   (Paschal's Dig., p. 950, § 4.) At the trial, the defendant moved for a continuance, upon the sworn ground that he had not been able to procure the record in the sequestration suit.   The motion was overruled, to which there was no bill of exceptions, and yet the Supreme Court considered the affidavit for continuance. At the trial there were three "bills of exceptions" signed

by the counsel and countersigned· by the ·judge.   They
were to the effect, that the evidence of Joseph Peirce was
improperly admitted, he being interested; that the receipt
in the statement of facts was improperly admitted, because
Joseph Peirce was a party to the receipt and not a party
to the suit, and because the receipt did not show that it
was for the wool in controversy, but for a large amount of
wool stored by Joseph W. Peirce and W. A. Peirce; and
that the evidence of John Ireland, the Confederate States
receiver, to prove the sequestration, was improperly ex-
cluded.

The statement of facts showed that the plaintiff proved
the following receipt:

"Received from Messrs. Joseph W. Peirce and W. A.
Peirce six sacks of wool, for storage and shipping accord-
ing to instructions to receive yet, weighing in all 1,418
pounds.   *   *   30th of May, 1861.   J. A. STACHELY."

The weights of the sacks were given at the bottom.
There was proof tending to show that the wool was the
property of the plaintiff, although it was packed up with
his brother's and sent to the defendant.   The sheep from
which it was clipped were proved to be the plaintiff's.
The demand and price of storage were proved as averred,
and that the defendant refused to re-deliver it, unless the .
plaintiff should satisfy him that he, plaintiff, was author-
ized to receive it, or would indemnify him in case the wool
should be seized by the confederate authorities.   He also
proved a letter of the plaintiff to the defendant, dated in
August, 1861, in which he acknowledged "that the draft
is paid, and you can have the money at any time should
you want it."   He also proved an account current be-
tween Joseph W. Peirce and the defendant, in which the
defendant acknowledged the payment of the draft, $500,
and stated a balance in favor of Joseph W. Peirce of
$200 50.

The defendant's clerk swore that he furnished this

account to the plaintiff, and that the plaintiff demanded the money, and the defendant refused to pay, unless the plaintiff would indemnify him against the confederate authorities. Joseph W. Peirce swore that he had no interest in the wool or the money; that the wool was extra, and worth fifty to fifty-five cents per pound; that the witness drew the draft in controversy on New York in Stachely's favor for $500, and that Stachely advanced him $100, and agreed to collect it and pay the balance to the plaintiff, and that the said balance was the absolute property of the plaintiff, and witness had no interest in it, and that the witness left New Braufels on the 24th of May, 1861.

The defendant's proof showed that the wool was stored by the plaintiff and J. W. Peirce, and that, in the opinion of the witness, it was only worth twenty-five or twenty-six cents per pound.

John Ireland swore that he was the Confederate States receiver, and that his returns were made before the confederate court at Austin. There were no instructions. The jury returned a special verdict "for the plaintiff, and assessed the value of the wool at fifty cents per pound, which will be, for six hundred and forty pounds, the sum of $320, and also the balance due on the draft of $200 50, and interest from the 1st day of November, 1861, to this day on $200 50, the amount of the balance due on the draft."

Upon this verdict the court rendered a judgment of $590 34. The defendant moved for a new trial, upon the various rulings of the court, and because the verdict was contrary to the evidence; which motion being overruled, the defendant appealed, and assigned for error the overruling of the motion for continuance, the permitting the receipt to be read in evidence, the excluding the evidence of John Ireland, the permitting Joseph W. Peirce to testify, the erroneous instructions, (there were none,) the

verdict, of the jury, and the overruling of the motion for a new trial.

*Chandler & Turner,* for appellant.—The assignment of errors assigns different errors committed, but we propose to confine' ourselves to the error excluding the testimony of John Ireland.

The first inquiry is, were the matters plead by the defendant proper and legal matters of defense? in other words, whether the sequestration of the property by the confederate government could be lawfully made, the title thereto changed, or the possession thereof so taken from the defendant below, as to excuse him from its production or liability on its account? It is well settled that the right exists between belligerents to confiscate enemies' property, and whatever may be the general practice, the right is on all hands conceded. (See Halleck's Treatise, pp. 362, 364, 366, secs. 15, 17, 18, and cases cited; Brown v. United States, 8 Cranch, 110, as reported in 3 Cond., 136.)

Second, was the confederate government a belligerent Power? (See the Prize Cases, 2 Black.)

The court will take judicial notice of the actual existence of war, (see same authority;) if not, their offering to prove the facts was offering to prove all facts necessary to present the question. The defense therefore was well taken, if true.

The court refused to permit these facts to be given in evidence to the jury. No objection was made below to the manner of proving the defense, and none can now be made for the first time in this court. (See Crafts v. Rains, 10 Tex., 520; Bailey v. Knight, 8 Tex., 60; Fowler & Clipper v. Stonum, 6 Tex., 74; Hindes' Lessee v. Longworth, 6 Cond., 270.)

Indeed, there was no other mode of proving the matters alleged except by witnesses, as no force could have been

given to any document purporting to be a record, as no authentic record could have been procured, and especially so, as defendant asked to continue the cause until such time as, by law, some record could be procured that would be evidence, which was refused. The judge acted and ruled upon the idea that no such character of defense could, in any view of the case, avail. In regard to the point immediately under consideration, it is enough to say, that no point was made with reference to primary or secondary evidence, and not having objected for this reason to the testimony below, he must be held to have waived all objections as to the degree of testimony offered.

The matters pleaded and offered to be proved were a good defense, and the cause should be reversed and remanded.

*Bowers & Walker*, for appellee.—The evidence shows that demand was made for the goods before suit was brought. This demand and the refusal by defendant constituted a wrongful conversion by him. (Story on Bail., § 107; 2 Story's Eq. Juris., 162, § 119; Holbrook v. Wright, 24 Wend., 169; Shaw v. Custar, 8 Paige, 329.)

Defendant failing to make restitution of the wool and money on demand, held them thereafter at his peril. His improper refusal to re-deliver makes him responsible for all future loss of every possible character.

The destruction of the goods by conflagration, their appropriation by the public enemy, seizure by robbers or Confederate States receivers, or loss to the owner from any other means, is at the expense of the defendant. Even though they may have been lawfully taken from his possession by process of law after the conversion by him, his responsibility to plaintiff will not thereby be excused. He is answerable for all defaults. (Story on Bail., §§ 120, 122; Holbrook v. Wright, 24 Wend., 169; Jones on Bail., 70, 121; Ib. App., 122.)

The testimony of the witness, Ireland, was therefore properly excluded as irrelevant, and constituting no sufficient defense to the cause of action.

DONLEY, J.—The first error assigned is, that "the court erred in overruling the defendant's affidavit for a continuance." On looking to the affidavit, it is seen that the application is made on account of the absence of John Ireland and George Judson. The record shows that Ireland was present during the trial. The affidavit is insufficient to entitle the appellant to a continuance of the cause; it is not stated that it was expected to have the testimony of said witness at the next term of the court, or at any time.

The application is also based on inability to procure copy of judgment of the Confederate States district court. It is stated that affiant was unable to obtain a copy of the record, for the reason that no properly-constituted authority is in possession of the records authorized to give copies. It is not stated that the affiant expected at any time to procure said copy and testimony. The court could know the facts only as stated in the application. If the defendant had no expectation of procuring the testimony, a continuance of the cause could not benefit him, as he would not be in a better condition at the next or some succeeding term of the court. (Hunter v. Waite, 11 Tex., 86.)

The second error assigned is, that "the court erred in permitting to be read in evidence the receipt executed by the defendant to Joseph W. Peirce and W. A. Peirce, for the reasons set out in the defendant's bill of exceptions."

Looking to the bill of exceptions, it will be seen that it was objected to the receipt going in evidence, because said receipt did not show that it was a receipt for the wool sued for, but for a large amount of wool stored jointly by Joseph W. Peirce and W. A. Peirce.

It is believed that there was error in overruling the objection of the defendant, and permitting the receipt to

be read in evidence to the jury.   If the facts warrant, it is competent to explain or contradict a written receipt by parol testimony.   (Stratton v. Ruston, 2 Durnf. & East, 369; Stackpole v. Arnold, 11 Mass., 22; Tucker v. Manwell, Id., 145; Johnson v. Johnson, Id., 363; Wurkenshaw v. Scott, 17 Id., 257; Rollins v. Dyer, 4 Shep., 475, 478; Brook et al. v. White, 2 Met., 287; Harden v. Gorden, 2 Mason, 561.)

These authorities show, that though receipts are not conclusive, yet the cautious manner in which they are attacked also shows that they are not to be treated as of little importance.   (Fuller v. Crittenden, 9 Conn., 405.)

And while the receipt is only *prima facie* correct, it must be held that the facts stated in it are true, until the fact is shown to be otherwise.   It was not offered in this case to explain the receipt and show by other evidence that, in fact, the wool was received from the plaintiff, W. A. Peirce, and that to the plaintiff alone the defendant was to account.

Without explanation of the receipt, it does not appear that the plaintiff was the sole owner of the wool mentioned in the receipt.

It is believed that, in an action to recover property in case of a joint bailment, all the joint owners must join as plaintiffs; and that it is not competent for one or more, or any number less than the whole number interested, to sue.

The redress which the law affords, in any given case, belongs exclusively to him or them whose right has been violated or withheld.   (Gold. on Plead., 197.)

Joint creditors, whether by record, specialty, or simple contract, must all join in an action to recover the debt or the estate which they respectively hold together.   (Ib., 199; Stradfield v. Holliday, 3 Durnf. & East, 782.)   If the receipt of the defendant read in evidence were sufficient to establish a legal demand against the defendant, and did establish a cause of action, it is a cause of action in

favor of Joseph W. Peirce and W. A. Peirce, and does not sustain the alleged cause of action of plaintiff.

There was error in overruling the defendant's objection to the reading in evidence the receipt of the defendant to Joseph W. Peirce and W. A. Peirce, for which the judgment is reversed, and the cause

REMANDED.