Opinion by
White, P. J.
§ 780. Variance between allegation and proof of ownership; joint owners must sue for injury to joint property; case stated. E. L. Teague, surviving widow of N. B. Teague, deceased, brought thjs suit in her individual right to recover damages for injuries done to her land, by fire communicated from one of the engines of plaintiff in error. She alleged in her petition that the land injured was her property at the time of said injury. She recovered judgment for $330.50 damages. On the trial the proof showed that at the time of the injury complained of, the land was the property of N. B. Teague,, and was the homestead of said N. B. andE. L. Teague;-that N. B. Teague died after said fire occurred, leaving surviving him his widow, E. L. Teague, and two children, who have since his death continued to occupyfsaid land as a homestead. Held: The petition having alleged that the land, at the time of the injury, belonged to E. L. Teague, it devolved upon her to prove such allegation, which she failed to do, but on the contrary the proof showed that she did not individually own the same at that time. The allegation and the proof of ownership did not correspond, and it was error to render judgment for the plaintiff. [Denison v. League, 16 Tex. 107; Sayles’ Pl. §65; ante, §773.] Again, the surviving widow could not maintain a suit for damages *686 to property belonging to the estate of her deceased husband, without making the children, who were joint owners thereof with her, parties to the suit. The property in this case being a homestead, does not, we think, alter this rule. [W. & W. Con. Rep. §§ 249, 299; ante, § 618; Stachely v. Pierce, 28 Tex. 328; May v. Slade, 24 Tex. 205.]
June 24, 1885.
Reversed and remanded.