### DAWSON v. GEORGE. (No. 684.)

(Court of Civil Appeals of Texas. El Paso. March 15, 1917. Rehearing Denied April 5, 1917.)

1. LANDLORD AND TENANT ⬅⬅22(4)—PARTIES ⬅⬅35—JOINDER OF PLAINTIFFS — JOINT LESSEE.

In suit for breach of a landlord's written contract to rent land and furnish animals, tools, and seed for its cultivation, where plaintiff alleged that the land was leased to him and another jointly, such other should have been joined as a party plaintiff, and, in the event of his refusal, should have been made a party defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 58; Parties, Cent. Dig. §§ 54, 55.]

2. APPEAL AND ERROR ⬅⬅187(3) — NONJOINDER OF PARTIES.

Want of necessary parties may be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1887; Parties, Cent. Dig. § 169.]

3. APPEAL AND ERROR ⬅⬅907(3)—PRESUMPTIONS—FINDINGS—BILL OF EXCEPTION OR STATEMENT OF FACTS.

In the absence of a bill of exception or statement of facts showing what evidence was presented to the trial court upon hearing of defendant's motion for new trial setting up that citation was served in less than ten days before the return day, exclusive of the date of service and return, asking that judgment against defendant by default be set aside for such reason, it must be assumed that the trial court found and was warranted in finding that service was perfect as shown by,the sheriff's return.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673.]

4. APPEAL AND ERROR ⬅⬅193(9)—SUFFICIENCY OF PETITION AGAINST GENERAL DEMURRER—RAISING QUESTION FOR FIRST TIME ON APPEAL.

The sufficiency of the petition as against general demurrer can be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1232–1236; Pleading, Cent. Dig. § 1355.]

Error from Presidio County Court; H. H. Kilpatrick, Judge.

Suit by Daniel George against G. S. Dawson. To review a judgment for plaintiff, de-

fendant brings error. Reversed and remanded.

W. C. Jourdan, of Marfa, and Jos. M. Nealon, of El Paso, for plaintiff in error. C. E. Mead, of Marfa, for defendant in error.

HIGGINS, J. George sued Dawson, alleging that on December 20, 1915, defendant entered into a written contract with plaintiff and John Layba, by which defendant rented to plaintiff and Layba about 50 acres of land for a period of one year; that defendant agreed to furnish the land, together with dwellings and necessary animals, tools, seed, etc., and plaintiff was to cultivate the land and to plant crops thereon, and in consideration therefor was to receive one-half of the crops grown on the land; that he and Layba prepared the land for cultivation and planted wheat and peas thereon; that on March 1, 1916, defendant notified plaintiff that he declined to further carry out the contract and ordered plaintiff to quit work on the land and to remain off the premises; on account of said notice and demand on the part of defendant, plaintiff was afraid to continue to work on said lands, and was afraid to try to make a crop thereon, and he was forced to and did abandon the work which he had begun, and the crops which he started to plant and cultivate on said lands. The plaintiff is informed that the defendant, by some arrangement unknown to the plaintiff, has permitted the said John Layba to continue to cultivate said lands, and is carrying out the contract or some kind of contract with the said John Layba, but the plaintiff has not been consulted in reference thereto, either by the defendant or the said John Layba, and the plaintiff has nothing to do with said arrangement. It was then averred that plaintiff had incurred expense of $160, and that his profits from the crops which would have been raised would have been $300, that he was strictly complying with his part of the contract, and that plaintiff breached the contract in the manner aforesaid without cause. Judgment was prayed for his damages and for general relief. Citation was issued and served upon the defendant and judgment by default was rendered against him. The return upon the citation shows that the same was served in time to require an answer at the term when the judgment was rendered. Motion for new trial was filed, setting up that in fact the citation was served in less than ten days before the return day, exclusive of the date of service and return, for which reason it was asked that the judgment be set aside. This motion was overruled, and from the judgment entered this writ of error is prosecuted.

[1, 2] It is assigned as error that there is a defect of a necessary party, viz. John Layba. This is well taken. It is alleged that the land was leased to George and Layba jointly. He should have been joined as a party plaintiff, and in the event of his refusal to so join he should have been made a party defendant. The want of necessary parties may be raised for the first time upon appeal, and it was not necessary to plead the nonjoinder. The case of Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134, was based upon tort and has no application to an action for breach of a joint contract. All of the contentions here made by defendant in error were considered and adversely disposed of in the case of Barlow v. Linss, 180 S. W. 652, in which a writ of error was refused. Reference is made to this case for statement of our views relative to the necessity of joining Layba as a party to the suit.

[3] The record is not in such condition as will permit inquiry into the correctness of the court's action in refusing to set aside the default judgment upon the theory that service was not perfect at that term. There is no bill of exception or statement of facts showing what evidence was presented to the court upon the hearing of the issue. In this condition of the record, it must be assumed that the court found, and was warranted in finding, that service was perfect as shown by the sheriff's return.

[4] There may be some doubt as to the sufficiency of the petition as against a general demurrer which is a question which can also be raised for the first time upon appeal. Possibly, however, the objections urged would not subject it to a general demurrer and were such as must have been raised by special exception. There will doubtless be an amendment to meet the objections, and we therefore refrain from passing upon the sufficiency of the petition in its present form.

Reversed and remanded.