**DEMPSEY OIL CO., Limited, v. TORRANS. (No. 2615.)**

(Court of Civil Appeals of Texas. Texarkana. Oct. 25, 1922. On Motion for Rehearing, Nov. 16, 1922. Rehearing Denied Dec. 7, 1922.)

1. **Parties** ⬅19—**Parties jointly interested to join in action for breach.**

Parties jointly interested in a contract must join in action for damages from breach by the obligor.

2. **Tenancy in common** ⬅55(3)—**Tenants to join in action for injury to property.**

Tenants in common must join in action for damages to the property by a third person.

3. **Abatement and revival** ⬅27—**Seasonable plea for absence of one jointly interested in cause of action to be sustained.**

Objection that a person jointly interested in the cause of action has not been made a party, being seasonably and in due order of pleading interposed by a plea in abatement, must be sustained; defendant being entitled to protection against a multiplicity of suits.

**On Motion for Rehearing.**

4. **Abatement and revival** ⬅82—**Plea waived by being preceded by answer to merits.**

A plea in abatement, for nonjoinder of one jointly interested in the cause of action, is waived by being preceded, after an appreciable interval of time, by answer to the merits, though both are filed on the same day.

5. **Appeal and error** ⬅916(1)—**Doubt as to order of pleading resolved in favor of ruling below.**

Doubt as to order in which plea in abatement and answer to merits were filed will be resolved in favor of the trial court's ruling against the plea.

6. **Appeal and error** ⬅1002—**Finding on conflicting evidence on issue of bad faith conclusive.**

Finding on conflicting evidence on the issue of bad faith will not be disturbed.

7. **Evidence** ⬅568(7)—**Damages for destruction of oil well may be based on expert testimony.**

Testimony of experienced oil men as to what a destroyed oil well would have produced, basing their opinions on their knowledge of that and the surrounding territory, and the indications presented by the well, the only practical way for showing its capacity, is not too speculative to form the basis of a judgment for damages.

8. **Appeal and error** ⬅1073(1)—**Canceling oil lease by its own terms practically expired harmless.**

For a judgment to cancel an oil lease where the well was destroyed and the undisputed facts showed that the lease had practically expired by its own terms, was not reversible error.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Action by Paul W. Torrans against the Dempsey Oil Company, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

T. D. Rowell, of Jefferson, and F. H. Prendergast and Geo. Prendergast, both of Marshall, for appellant.

Schluter & Singleton and I. C. Underwood, all of Jefferson, for appellee.

HODGES, J. In May, 1919, the appellee, Paul W. Torrans, procured a mineral lease on a tract of land from E. B. Colgin and wife for a term of years, the lessors reserv-

ing a right to one-eighth of the production should any be secured. Some time later Torrans sold an undivided one-half of his seven-eighths interest to Hussey & Wheelan, a partnership. In August, 1920, Torrans and Hussey & Wheelan entered into a contract with the Dempsey Oil Company, Limited, appellant in this suit, whereby in consideration of an undivided five-eighths interest conveyed by Torrans and Hussey & Wheelan the Dempsey Oil Company agreed to drill a well to the depth of 2,500 feet unless oil in paying quantities should sooner be found. The stipulations bound the Dempsey Oil Company to furnish the material and do all the labor necessary to the sinking of the well. The Dempsey Oil Company entered upon the performance of that contract and drilled the well to a depth of 2,340 feet and there encountered a showing of oil. Torrans claimed that the indications were that oil in paying quantities had been found, and demanded that appellant install a pump in the well for the purpose of pumping the oil out. Dempsey, appellant's manager, on the other hand, claimed that the oil found was not in paying quantities, and insisted on going deeper. The dispute culminated in a difficulty between Torrans and Dempsey, who was in charge of the drilling operations. Dempsey refused to install a pump as demanded by Torrans, drilled to the depth of 2,500 feet, and, it is alleged by the appellee, destroyed the well. Torrens alone instituted this suit against Dempsey Oil Company, Limited, to recover damages sustained by him for the failure of the oil company to stop the well at the depth of 2,340 feet and install a pump for the operation of the well. He alleged that the appellant willfully and without reason continued to drill the well to the depth of 2,500 feet for the purpose of damaging and destroying it and of injuring him. In his pleadings Torrans set out the contract between himself and Hussey & Wheelan with the Dempsey Oil Company, alleging the details disclosing the interest of all parties mentioned.

Among other defenses interposed by the appellant was a plea in abatement objecting to maintenance of the suit because of the nonjoinder of Hussey & Wheelan, who, it was alleged, were jointly interested with Torrans in the contract with the appellant. The court overruled that plea and submitted the merits of the case upon special issues, in response to which the jury found substantially as follows: That oil in paying quantities was found at the depth alleged by Torrans in his pleadings, that the well at that stage would have produced 25 barrels per day for eight years, and that the oil was worth $2 per barrel. The jury also found that the appellant did not act in good faith in refusing to install a pump at the stage demanded by Torrans. Upon those findings the court en-

tered a judgment in favor of Torrans for the net sum of $10,000 as his portion of the damages resulting from the conduct complained of.

[1, 2] The refusal of the court to sustain the plea in abatement based upon the non-joinder of Hussey & Wheelan is assigned as error, and we are of the opinion that the assignment should be sustained. Both the pleadings of Torrans and the evidence showed that Hussey & Wheelan were jointly interested with him in the contract with the appellant. If Torrans had a cause of action for damages for the breach of that contract, or for an injury to the common property, Hussey & Wheelan also had one for an equal sum. Their interest in the contract and in the property was in every respect equal to that of Torrans. That parties jointly interested in a written contract must join in a suit for damages resulting from a breach by the obligor is well settled by the decisions in this state. May v. Slade, 24 Tex. 209; Stachely v. Pierce, 28 Tex. 328; Moore v. Rice, 51 Tex. 293; O'Brien v. Gilleland, 7ᐧ Tex. 604, 15 S. W. 682; Williams v. Ft. Werth & N. O. Ry. Co., 82 Tex. 560, 18 S. W. 207; Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Dawson v. George (Tex. Civ. App.) 193 S. W. 495. It is also the settled law that tenants in common must join in a suit for damages to the common property. G. H. & S. A. Ry. Co. v. Stockton, 15 Tex. Civ. App. 145, 38 S. W. 647, and cases there cited. Hence the rule is the same whether we treat this suit as one based upon the breach of the contract entered into by Torrans and Hussey & Wheelan with the appellant, or upon an independent tort committed by the appellant which resulted in injury to the common property.

[3] The ruling of the court is defended upon the ground that in this case the damages were apportioned so that Torrans recovered only those which he alone sustained. That fact might be a sufficient reason for sustaining the judgment when the objection to that nonjoinder is not made till after issue had been joined upon the merits of the controversy, but it does not justify overruling a plea in abatement filed at the proper time and in due order of pleading. A defendant has a right to be protected against a multiplicity of suits growing out of the same contract, and his plea in abatement is the legal method of asserting that right. No reason is shown in this record why Hussey & Wheelan were not made either parties plaintiff or defendant.

The disposition made of the case renders it unnecessary to discuss the remaining assignments of error.

For the reasons stated, the judgment will be reversed, and the cause remanded for a new trial.

### On Motion for Rehearing.

[4, 5] Upon further consideration of this case, we have concluded that the appellee's motion for a rehearing should be granted and the order of the trial court overruling the plea in abatement should be sustained upon the grounds hereinafter stated. The record shows that the plaintiff's original petition was filed July 12, 1921; that on November 15th following defendant filed two separate pleadings. One was an answer to the merits, without reference to a plea in abatement; this answer was signed by two attorneys representing the defendant. The other was the plea in abatement, suggesting the nonjoinder of Hussey & Wheelan as parties to the suit; this plea was signed by only one of defendant's attorneys. Which of these pleas was actually filed first does not appear, nor is there any other evidence than the date to indicate that they were filed at the same time. If the answer to the merits preceded the dilatory plea by any appreciable interval of time, it operated as a waiver of the objections incorporated in that plea, although both pleadings were filed on the same calendar day. Counsel for appellee, in his oral argument before this court and in the motion filed for a rehearing, charged that the plea in abatement was not filed till after the answer to the merits. The absence from the answer of any reference to the plea in abatement is consistent with the truth of that statement. Neither the statement of counsel in his oral argument, nor that contained in his brief, has been denied by counsel for the appellant. To say the least, the question as to which of these pleas was first filed is in doubt, and we are of the opinion that the doubt should be resolved in favor of the ruling of the trial court, who was in a better position to know the facts.

[6, 7] Appellant assails the findings of the jury upon the issues of fact. It is insisted that the evidence did not support the finding that Dempsey acted in bad faith in drilling the well deeper over the objection of Torrans, and that the testimony that the well would produce 25 barrels per day for eight years is too speculative to form the basis of a judgment for damages. If the testimony offered by the appellee be true, it tended strongly to show that Dempsey did act in bad faith in refusing to stop drilling at the point suggested by Torrans. The fact that there was testimony tending to show the contrary created only a conflict, which the jury alone could settle.

The finding relative to the probable future production of the well was founded upon the testimony of experienced oil men, who gave their opinions based upon their knowledge of that and the surrounding territory and the indications presented by that well. There was no other practicable method for showing the capacity of the well. While there is an element of speculation in their estimates, they are not for that reason to be wholly disregarded. The jury took what we regard as a safe estimate in reaching their conclusion.

[8] Appellant also complains that the judgment is excessive. A mathematical calculation based upon the findings of the jury will support the judgment rendered by the court. There was no reversible error in canceling the lease made by Colgin and wife to Torrans, because the undisputed facts show that that lease had practically expired by its own terms.

Appellant objected to the introduction of the contract between Torrans and Hussey & Wheelan and the Dempsey Oil Company, on the ground that it varied the contract set out in the pleadings of the plaintiff. In the plaintiff's petition he described the very contract which was offered in evidence. The objection was untenable.

The judgment is affirmed.

⬤∞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes