**ARRINGTON et al. v. SOUTHERN PINE LUMBER CO. (No. 3665.)**

Court of Civil Appeals of Texas. Texarkana. March 14, 1929.

The record contains no assignments of error, and we can consider only those which are fundamental. Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967. The facts alleged by the defendant in error in its plea in abatement based upon the pendency of the suit in Johnson county are sufficient, if true, to authorize the judgment sustaining that plea. Under the holding announced in the case above referred to, we are not permitted to search the record to ascertain whether or not the evidence justified that ruling of the trial court. It has been more than once decided by the Supreme Court and other appellate courts of this state that in actions for damages to land owned by tenants in common all the joint owners should join in the suit. The failure to make all such owners parties plaintiff or defendant may be taken advantage of by a plea in abatement by the defendant against whom the damages are sought. May v. Slade, 24 Tex. 205; Hill v. Newman, 67 Tex. 265, 3 S. W. 271; G., H. & S. A. Ry. Co. v. Stockton, 15 Tex. Civ. App. 145, 38 S. W. 647; G., C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S. W. 43. While one tenant in common cannot compel another tenant in common to join as a plaintiff in the suit, he can make such tenant a party defendant in the proceeding in order to have the rights of all the joint owners adjudicated in one suit. Houston & T. C. Ry. Co. v. Hollingsworth, 2 Wilson, Civ. Cas. Ct. App. § 173.

The judgment will therefore be affirmed.

Hamp P. Abney, of Sherman, for plaintiffs in error.

R. E. Minton and Tom F. Coleman, both of Lufkin, for defendant in error.

HODGES, J. The plaintiffs in error filed this suit in the district court of Bowie county against the defendant in error to recover damages in the sum of $55,000 for cutting and removing pine timber from lands in which they claimed an interest. The defendant in error pleaded in abatement the pendency of another suit against it in Johnson county, Texas, based upon the same cause of action. It also pleaded a defect as to parties plaintiff in this suit, alleging that one Tellie Turney and her husband were interested in the land from which the timber involved in this suit is alleged to have been removed, and were necessary parties. The court sustained both pleas of abatement and dismissed the suit.