IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2019 Session

## AMANDA PAIGE RYAN-COTHRON v. WILLIAM MICHAEL COTHRON

**Appeal from the Circuit Court for Rutherford County**
**No. 74270          J. Mark Rogers, Judge**

_____

### No. M2019-00137-COA-R3-CV

_____

This appeal arises from a petition filed by a former wife alleging that the former husband breached their marital dissolution agreement. Wife sought $10,000 in damages to property that husband had allegedly damaged in the manner in which the property was stored. The trial court awarded Wife $7,820 in damages. Husband appeals, asserting that the court erred in adopting the values stated in the marital dissolution agreement in assessing Wife's damages and in not holding that Wife failed to mitigate her damages. Wife asserts that she was entitled to attorney's fees in accordance with the enforcement provision of the MDA. We affirm the award of damages and reverse the denial of Wife's application for attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Reversed in part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Lance B. Mayes, Brentwood, Tennessee, for the appellant, William Michael Cothron.

Paul W. Moser, Nashville, Tennessee, for the appellee, Amanda Paige Ryan-Cothron.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Factual and Procedural History

Amanda P. Ryan-Cothron ("Wife") and William M. Cothron ("Husband") were divorced by final decree on February 16, 2018. The decree incorporated a Marital Dissolution Agreement ("MDA"); section 2.3 of the MDA is at issue in this appeal and states in pertinent part:

> Wife shall receive all items on the list attached and labeled as an exhibit. Wife shall be permitted to retrieve the items on the attached list on Saturday, March 17, 2018 between the hours of 10:00 a.m. and 5:00 p.m., with husband to have all items in the garage of the residence. Husband shall not be present on the premises or near the premises during said period of time and may designate a third party to be present on his behalf during the retrieval. Wife may bring third parties to assist move the items.

Next to each item on the list was an amount as the item's "fair market value."

On April 3, 2018, Wife filed a petition for breach of contract alleging, *inter alia*, that when she retrieved the items, she realized that 95 percent of her property was unsalvageable or damaged, and that some of her property was not placed in the garage or missing. Wife sought a judgment in the amount of $10,000 plus attorney's fees and costs. Husband answered, denying the allegations and raising eleven affirmative defenses, including that the action was barred by Wife's "failure to mitigate her alleged damages"; Husband also requested an award of fees.

The trial took place on October 31 and November 1. By order entered on December 17 (the "December 17 order"), the court granted Wife judgment in the amount of $7,820; denied Wife's request for storage fees she incurred after retrieving the property; and denied both parties' request for attorney's fees. Husband filed a timely notice of appeal and raises five issues, which we have consolidated and restated as follows:

> 1. Whether the trial court erred in adopting the value of Wife's personal property, as provided in the Marital Dissolution Agreement, in order to calculate damages.
>
> 2. Whether the trial court erred when it did not make a finding as to Wife's alleged failure to mitigate her damages.

Wife contends that the court erred in not granting her attorney's fees.

### A.  Value of Wife's Property

The court held that the values assigned Wife's property in the list which was attached to the MDA "were a reasonable interpretation from reviewing the contractual agreement of the parties[,] from looking at the four corners of the document and trying to give it meaning and effect with the intent of what the parties had in mind when they entered into it."  Husband argues that the court erred in basing its calculation of Wife's damages on those values.

As we consider this issue, we are guided by the following standard:

Determinations concerning the amount of damages are factually driven. Thus, the amount of damages to be awarded in a particular case is essentially a fact question. However, the choice of the proper measure of damages is a question of law to be decided by the court.

*Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998) (internal citations omitted), *abrogated on other grounds by Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102 (Tenn. 2016). Review of the trial court's findings of fact is *de novo* upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006).  Review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision.  *See Kaplan*, 188 S.W.3d at 635.

As proof of the value of her property that was damaged or lost, Wife relied upon the values to which the parties had agreed in the MDA.  Husband did not argue that this was not the proper measure of damages or offer any alternative proof of value; he argues on appeal that the values in the MDA should not have been used because they were based on the price Wife paid for the items.

In signing the MDA, both parties agreed that the values stated represented the fair market value as of February 2018; there was no other evidence of value before the court that preponderates against those stated in the MDA.  We conclude that the court did not err when it relied on the values stated in the MDA, as well as the testimony, to calculate Wife's damages.

### B.  Duty to Mitigate

In the December 17 order, the court recited the terms of section 2.3 of the MDA, and noted that "there is a contractual agreement that was made part of the Court order and wife now seeks to enforce that contractual agreement alleging a claiming a breach of contract on the part of husband."  After stating that communications between the parties

prior to entry of the MDA would have no bearing on the disposition of the case,[2] the order stated:

> . . . The items were placed in the garage in some orderly fashion for pickup. The problem that arises is that Husband moved those items into the garage sometime in February or March of 2017 which means they remained there for over a year. From the evidence presented, there is no doubt that the items that had been left out there for almost a year and the other items that were added to the pile were damaged and destroyed by rats eating and chewing and urinating on them.
>
> The first item marked was the Shark vacuum cleaner valued at $120. Wife said it was unavailable to retrieve; however, after Husband was contacted, his son made the vacuum available but Wife did not take it. The Court finds Wife abandoned this item and it shall become husband's property with the value to be deducted from the listed values.
>
> Next is the washer and dryer which Wife values at $2000.00. Giving a reasonable interpretation to this contractual agreement, these items were subject to normal wear and tear. The items were in normal working condition up until the exchange date. Also, Wife acknowledged the items were purchased in 2012. As such, $2000.00 shall be deducted from any amount Husband owes Wife.
>
> The third item marked by the Court was two T.V.'s, $350. Wife testified that one was broken, but the Court has no proof that Husband damaged it.
>
> The fourth item marked by the Court is the dog crate, which was not in the garage but it was outside nearby somewhere. Wife shall get credit for this item because it was not in the garage in her designated area for pick up.
>
> The fifth item marked by the Court is a white bike. Wife testified and acknowledged that there was nothing wrong with the bike; therefore, Wife should keep that bike valued at $175.00. That amount shall reduce any amount ordered payable by Husband to Wife.
>
> The last item marked by the Court was all craft supplies including the container of the value of $250.00. Wife testified she gave Husbands ex-wife these items. This value shall come off any amount payable by Husband to Wife.

---

[2] Husband does not appeal this ruling.

Wife will have a judgment of $7,820.00 against Husband, but she will keep the washer and dryer and the white bicycle. Husband shall have from November 1, 2018 until next Friday to come up with a cash payment of $7,820.00. If he does so, then he shall be entitled to all items excluding the washer and dryer and the white bike to do with as he wishes.

The parties do not contest that Wife did not attempt to retrieve her items from the marital residence until the designated time provided in the MDA; that she refused to retrieve those items that were not placed in the garage; and that she did not attempt to have any of the damaged items repaired or cleaned because there was rat urine and feces on them. Husband argues that Wife failed to mitigate her damages when she refused to accept items because they were not in the designated area when she arrived to pick them up, would not let items be delivered to her, and did not get any of the items repaired or cleaned.

As an initial matter, we note that much of Husband's argument is based on the premise that Wife had an opportunity to retrieve her property when he placed them in the garage in March 2017 but failed to do so; this is an incorrect premise. Upon our review of the record, we conclude that Wife's duty to mitigate her damages arose on and after February 7, 2018, when both signed the MDA. At that time, the MDA became governed by principles of contract law. *See Barnes v. Barnes*, 193 S.W. 495, 499 (Tenn. 2006). Prior to that time, the parties were engaged in the divorce action which had been filed on July 17, 2017; the trial court noted that there was disagreement between the parties prior to the action being filed. The MDA, which was incorporated into the final decree on February 12, 2018, set forth the agreement that Wife sought to enforce and allowed Wife to access the marital home on March 17; she appeared on that date and discovered the damage to her property. It was at that point that she realized her loss and the duty to mitigate that loss arose.

The court in *Carolyn B. Beasley Cotton Co. v. Ralph* provided the following law regarding a party's duty to mitigate:

It is a well established rule in Tennessee that the party injured by the wrongful act of another has a legal duty to exercise reasonable and ordinary care under these circumstances to prevent and diminish the damages. However, an injured party is not required to make extraordinary efforts. [T]he burden of showing that losses could have been avoided by the plaintiff by a reasonable effort to mitigate damages after defendant's breach of contract is on the defendant who breached the contract.

We note that a plaintiff is only required to mitigate damages *after* the defendant's breach of a contract.

59 S.W.3d 110, 115 (Tenn. Ct. App. 2000) (internal citations omitted).

The record does not support a holding that Wife failed to mitigate her loss. Husband's arguments relative to Wife's failure to pick up items or unwillingness to allow items be delivered to her relate to matters occurring prior to February 12, 2018, and have no bearing on the issue of mitigation. Husband did not put forth any evidence of the cost of repairing or cleaning the damaged items or the impact of the cost of repair on the value of any particular item.[3] Absent any evidence that mitigation would have been reasonable under these circumstances and the effect of a failure to mitigate on the values awarded, Husband has failed to satisfy his burden of proving that Wife failed to mitigate her loss.

### C. Attorney's Fees

Wife contends that the trial court erred in failing to award her attorney fees. In support of her argument, Wife relies on the provision in the MDA, which states that "in the event it becomes reasonably necessary for either [party] to institute legal proceedings to procure the enforcement of any provision of this agreement, the prevailing party shall be entitled to a judgment for reasonable expenses, including attorney fees incurred in procuring the action."

In *Eberbach v. Eberbach*, the Tennessee Supreme Court explained the standard to be applied by courts when there is a marital dissolution agreement that contains a mandatory fee provision as follows:

> Our courts long have observed at the trial court level that parties are contractually *entitled* to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees. In such cases, the trial court does not have the discretion to set aside the parties' agreement and supplant it with its own judgment. The sole discretionary judgment that the trial court may make is to determine the amount of attorney's fees that is reasonable within the circumstances.

535 S.W.3d 467, 478 (Tenn. 2017) (internal citations omitted).

Wife initiated this litigation to recover under the MDA, and the court awarded her a judgment. In denying Wife her fees, the court did not enforce that provision of the MDA. While we do not question the court's rationale for not making the award, under the standard set forth in *Eberbach*, the court did not have discretion to deny Wife's request. Accordingly, we reverse the court's holding in that regard.

---

[3] We note that the court did deduct $2,000 for the washer and dryer, which the court held were "subject to normal wear and tear."

**Conclusion**

For the foregoing reasons, we affirm the court's judgment awarding Wife $7,820; we reverse the denial of Wife's request for attorney's fees and remand the case to trial court for a determination of the amount.

_____
RICHARD H. DINKINS, JUDGE